***********
The undersigned have reviewed the prior Decision and Order, the record of the proceedings before Deputy Commissioner Gheen, and the briefs and oral arguments before the Full Commission. The appealing party has shown good grounds to reconsider the evidence. Accordingly, the Full Commission reverses the Decision and Order by Deputy Commissioner Gheen.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which the parties entered into as: *Page 2 
 STIPULATIONS
1. All parties are properly before the Industrial Commission, and the Industrial Commission has jurisdiction over the parties and of the subject matter.
2. All parties have been correctly designated, and there is no question as to misjoinder or non-joinder of parties.
3. This claim for damages arises under the North Carolina Tort Claims Act, N.C. Gen. Stat. § 143-291, et seq.
4. At all relevant times, Shakeitha Diggs was an employee of the Charlotte-Mecklenburg Board of Education and was operating a school bus within the course and scope of her employment.
5. Pursuant to Rule 36 of the North Carolina Rules of Civil Procedure, Plaintiff Carletha Wallace admitted the following:
 a. Plaintiff knew or should have known that when approaching an intersection that a driver must come to a complete stop and yield to traffic on the through-street.
 b. Plaintiff knew or should have known that drivers stopped at the intersection should not move ahead or turn until it was clear that the driver could proceed safely.
 c. On November 26, 2007, Plaintiff did not wait for a bus to complete its right-hand turn before Plaintiff turned left onto Northpointe Industrial Boulevard.
 d. Vehicles proceeding straight on Northpointe Industrial Boulevard in the direction of the bus parking lots have the right of way in that they do not *Page 3 
have to yield to vehicles turning onto Northpointe Industrial Boulevard from side streets or parking lots.
 e. Plaintiff has no physical evidence or proof indicating that on November 26, 2007, at or about 2:30 p.m., Defendant's employee was in the opposite lane of Northpointe Industrial Boulevard in order to pass a bus turning right into a bus parking lot located off of Northpointe Industrial Boulevard.
 f. The Accident Report (DMV-349) includes a diagram which shows that the school bus operated by Defendant's employee, Shakeitha Diggs, was not in the opposite lane when the school bus made contact with the vehicle driven by Plaintiff.
 g. Northpointe Industrial Boulevard ends at an intersection with Hoskins Road.
 h. The following diagram [attached to Request for Admissions to Plaintiff] is a true and accurate representation of the intersection of Northpointe Industrial Boulevard and Hoskins Road.
 i. The accident did not happen at the intersection of Northpointe Industrial Boulevard and Hoskins Road.
 j. That the following diagram [attached to Request for Admissions to Plaintiff] is a true and accurate representation of the site of the accident which gave rise to this complaint.
 *********** *Page 4 
Based upon all of the competent evidence of record and reasonable inferences drawn therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiffs filed Affidavits with the North Carolina Industrial Commission in which they alleged negligence by an employee of the Charlotte-Mecklenburg Board of Education. Plaintiffs alleged that Shakeitha Diggs was negligent in the operation of a school bus and that such alleged negligence resulted in a collision with a vehicle driven by Plaintiff Carletha Wallace in which Plaintiff Latasha Wallace was a passenger.
2. Defendant denied by Answer any negligence by its employee, Shakeitha Diggs.
3. On November 26, 2007, Plaintiff Latasha Wallace arrived at the school bus parking lot off of Northpointe Industrial Boulevard in Charlotte, North Carolina, to pick up her sister, Plaintiff Carletha Wallace. The weather was sunny and dry.
4. Plaintiff Carletha Wallace, a school bus driver for Defendant, got into the driver's seat of the vehicle. Plaintiff Latasha Wallace was a passenger in the same vehicle being driven by Carletha Wallace. Plaintiff Carletha Wallace approached and stopped at a stop sign at the exit of the bus parking lot where it intersected with Northpointe Industrial Boulevard.
5. Plaintiff Carletha Wallace intended to turn left onto Northpointe Industrial Boulevard but observed two school buses approaching from her left. The first school bus had illuminated its right turn signal, the second school bus driven by Shakeitha Diggs did not have a turn signal illuminated as it was proceeding straight.
6. As Plaintiff Carletha Wallace approached the stop sign governing her lane of traffic, her view to the left of Northpointe Industrial Boulevard was not physically obstructed until such time as the school bus began its right hand turn. *Page 5 
7. As the first school bus began executing its right turn into the bus parking lot, Ms. Diggs drove her bus around the back of the first bus, but did not pass the first bus, and got back into her lane. Plaintiff Carletha Wallace, without regard to the intended direction of the trailing school buses, drove forward from the stop sign onto Northpointe Industrial Boulevard directly into the path of the second school bus driven by Ms. Diggs. Ms. Diggs was traveling straight on Northpointe Industrial Boulevard toward a second school bus parking lot. Plaintiff Carletha Wallace did not wait for the first bus to complete its right-hand turn before turning left onto Northpointe Industrial Boulevard. As a result, a collision occurred at or near the middle of the intersection between the vehicle driven by Plaintiff Carletha Wallace and Defendant's school bus driven by Shakeitha Diggs.
8. Based upon the stipulations of the parties, vehicles proceeding straight on Northpointe Industrial Boulevard in the direction of the bus parking lots have the right of way in that they do not have to yield to vehicles turning onto Northpointe Industrial Boulevard from side streets or parking lots.
9. Carletha Wallace acknowledged seeing a line of school buses trailing the first school bus, which was signaling a right hand turn, as they progressed on Northpointe Industrial Boulevard. Plaintiff Carletha Wallace contends that she did not see Defendant's school bus driven by Ms. Diggs because her view was blocked by the school bus executing the right hand turn. Under the circumstances leading to this vehicular accident, Carletha Wallace should have seen that the school bus driven by Ms. Diggs, which had the right of way, was proceeding straight onto Northpointe Industrial Boulevard.
10. Following the collision, an investigation conducted by Officer J.P. Inman of the Charlotte-Mecklenburg Police Department revealed that Ms. Diggs had the right-of-way and that *Page 6 
Plaintiff Carletha Wallace failed to yield the right-of-way when she proceeded forward from the stop sign at the exit of the school bus parking lot onto Northpointe Industrial Boulevard.
11. While Plaintiffs contend that Ms. Diggs was passing the first bus, the greater weight of the evidence is to the contrary. The Full Commission finds that although Ms. Diggs went around the back of the first bus, she did not pass or overtake the first bus. Ms. Diggs was traveling straight in her lane of traffic on Northpointe Industrial Boulevard with the right-of-way when Plaintiff pulled into the path of and collided with the bus driven by Ms. Diggs.
12. The Full Commission finds that Plaintiff Carletha Wallace's failure to yield the right-of-way to the traffic on Northpointe Industrial Boulevard before proceeding into the intersection was the sole and proximate cause of the collision between Plaintiffs and Ms. Diggs.
13. Plaintiffs failed to prove that Ms. Diggs breached a duty owed to Plaintiffs.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. The North Carolina Tort Claims Act permits individuals to sue the County Boards of Education for injuries caused by the negligence of school bus drivers. N.C. Gen. Stat. § 143-291. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties. Bolkhir v. N.C. StateUniv., 321 NC 706, 709, 365 SE2d 898, 900 (1988). A plaintiff must show that the injuries sustained were the proximate result of a negligent act of a school bus driver acting within the course and scope of his employment N.C. Gen. Stat. § 143-300.1. The claimant or person on whose behalf the claim is brought must be free of contributory negligence. N.C. Gen. Stat. § 143-299.1. *Page 7 
2. In order to recover on a civil claim for negligence, a claimant must prove: (1) the existence of a duty to him; (2) a breach of that duty by the defendant (the named employees thereof in a tort claim); (3) injury sustained; and (4) that the injury sustained was a proximate result of the breach of duty. Pulley v. Rex Hosp.326 NC 701, 392 SE2d 380 (1990). Plaintiff has the burden of proof on all these elements and must prove the case by a preponderance of the evidence. Id. The evidence must be sufficient to raise more than speculation, guess, or mere possibility. Swann v. Len-CareRest Home, 127 N.C. App. 471, 475, 490 S.E.2d 572, 575 (1997),rev'd on other grounds, 348 N.C. 68, 497 S.E.2d 282 (1998);See also N.C. Gen. Stat. §§ 143-291; 143-297. Without proof of negligence by the specific named employee, Plaintiff may not recover. Woolard v. DOT,93 NC App. 214, 377 S.E.2d 267, cert. denied,325 N.C. 230, 381 S.E.2d 782 (1989).
3. Shakeitha Diggs was not negligent in her operation of Defendant's school bus. However, Carletha Wallace had a duty under N.C. Gen. Stat. § 20-158(b) to stop at a stop sign at the intersection and yield the right-of-way to vehicles operating on the designated main-traveled or through highway. Carletha Wallace as a driver stopped at a stop sign, had a duty to use due care in observing and yielding to oncoming vehicles and should not have proceeded forward unless the approaching vehicle was far enough away that she could cross with safety. Matheny v. Central Motor Line,Inc., 233 N.C. 673, 679, 65 S.E.2d 361, 366 (1951). Ms. Diggs, as the driver of the bus on a dominant highway approaching an intersecting servient highway, was not under a duty to anticipate that Plaintiff Carletha Wallace traveling on a servient highway would fail to obey the rules of the road and yield the right-of-way to Ms. Diggs as required by law. Lewis v. Brunston,78 N.C. App. 678, 683, 338 S.E.2d. 595, 599 (1986). *Page 8 
4. Plaintiffs have failed to prove that Ms. Diggs breached a duty of care owed to Plaintiffs. Pulley v. Rex Hosp.326 NC 701, 392 SE2d 380 (1990). As such, Plaintiffs have failed to establish a claim for negligence. Id.
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiffs' claims are hereby denied.
2. Each side shall bear its own costs.
This 28th day of February 2011.
 S/______________ STACI T. MEYER COMMISSIONER
CONCURRING:
 S/_______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_____________________ BERNADINE S. BALLANCE COMMISSIONER *Page 1